UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
ANGEL DONE,

                                   Plaintiffs,                   REPORT AND
                                                                       RECOMMENDATION

               -against-                                      CV 08-3040 (JFB)(ETB)[1]

WELLS FARGO BANK, N.A., AS TRUSTEE FOR
OPTION ONE MORTGAGE LOAN TRUST 2004-3
ASSET-BACKED CERTIFICATES, SERIES 2004-3,

                                   Defendants.
----------------------------------------------------------------------X

TO THE HONORABLE JOSEPH F. BIANCO, UNITED STATES DISTRICT JUDGE:

      Before the Court is the defendant's motion to dismiss the pro se plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, I recommend that Wells Fargo's motion be granted and that this action be dismissed in its entirety.

FACTS

      This action arises out of a foreclosure proceeding instituted by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), on January 19, 2006 in New York Supreme Court, Suffolk County, seeking to foreclose the mortgage held on plaintiff, Angel Done's ("Done"), residence, located at 200 Kings Park Road in Commack. (Am. Compl. at 22; J. of Foreclosure & Sale, Costello, J., Wells Fargo Bank, N.A. v. Done, No. 1956-06 (May 31, 2007), annexed as Ex. A to Gerbino

---

[1] The Court is grateful for the assistance of Andrew Des Rault, a summer intern and first-year law student at Cornell Law School, for his assistance in the preparation of this Report and Recommendation.

-1-

Aff'm, Jan. 7, 2009.)[2]  Done failed to appear in that action.  (J. of Foreclosure & Sale, Costello, J., Wells Fargo Bank, N.A. v. Done, No. 1956-06 (N.Y. Sup. Ct. May 31, 2007), at 1.)  On May 31, 2007, the state court issued a judgment of foreclosure.[3]  (Id.)  A foreclosure sale with respect to Done's residence took place on April 14, 2008.  (Am. Compl. at 22.)

Done commenced the instant action on July 25, 2008, three months after his property was sold, seeking injunctive and declaratory relief.  Done amended his Complaint on July 30, 2008, requesting that the court vacate the state court judgment of foreclosure, stay his eviction from his home, which was scheduled for August or September 2008, and restore to him title to the property.[4]  (Am. Compl. at 22.)  Done challenges the foreclosure judgment on three grounds: (1) that Wells Fargo improperly brought the foreclosure action in the New York Supreme Court for Suffolk County; (2) that Wells Fargo lacked standing to foreclose on his mortgage because it was not the owner of the mortgage note at the time it commenced the foreclosure action; and (3) that Wells Fargo lacked standing to bring the foreclosure action because it failed to "proffer[] authenticated business records" to demonstrate its ownership of Done's mortgage note.  (Am. Compl. at 2.)

---

[2] Although Done did not attach the Judgment of Foreclosure and Sale issued by the state court to his Complaint, it is a document that is "incorporated in the complaint by reference," as well as a "matter[] of which judicial notice may be taken," and therefore may be properly considered by the Court.  Leonard F. v. Israel Disc. Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999).

[3] Although issued on May 31, 2007, the foreclosure judgment was not entered until June 17, 2007.  (Gerbino Aff'm, Ex. A.)

[4] Preliminary injunctive relief was denied by Judge Bianco on July 31, 2008.  (Order of Bianco, J., July 31, 2008.)  Done renewed his request for preliminary injunctive relief on September 12, 2008, which was again denied on September 16, 2008.  (Order of Bianco, J., Sept. 16, 2008.)

Wells Fargo moved to dismiss Done's Amended Complaint on January 8, 2009. Done responded with an opposition entitled, "Affidavit of Negative Averment, Opportunity to Cure, and Counterclaim." In his opposition, Done appears to name, for the first time, five additional defendants and makes reference to himself and the defendants as "Third Party Plaintiff" and "Third Party Defendants," respectively. (Pl. Aff. of Neg. Aver. 1.) Done also states that he is seeking a remedy "in Admiralty," (id.), and alleges counterclaims seeking damages of over $1 million per defendant. (Id. at 4.) Each count alleges defendants' "Dishonor in commerce, Theft, Fraud, Conspiracy, and Racketeering."[5] (Id. at 1–3.)

## DISCUSSION

I.  Standard of Review

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must "accept as true all facts alleged in the complaint" and "draw all reasonable inferences in favor of the plaintiff." Kassner v. 2nd Ave. Delicatessen, Inc., 496 F.3d 229, 237 (2d Cir. 2007). However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . are not entitled to the assumption of truth." Ashcroft v. Iqbal, __ U.S. __, 129 S. Ct. 1937, 1949-50 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations," Iqbal,129 S. Ct. at

---

[5] Due to the liberal pleading rules afforded pro se plaintiffs, the Court will overlook the obvious procedural deficiencies in Done's opposition to the within motion. See Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (stating that courts must interpret pleadings submitted by pro se plaintiffs "to raise the strongest arguments that they suggest"); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007) (noting that pro se filings are "to be liberally construed").

1950, which state a claim for relief that is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.

II.     The Rooker-Feldman Doctrine

Pursuant to the Rooker-Feldman doctrine,[6] federal district courts may not exercise subject matter jurisdiction over actions that seek appellate review of state court judgments. See Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284–85 (2005) (explaining Rooker-Feldman doctrine). "The doctrine reflects the principle set forth in 28 U.S.C. § 1257 that the Supreme Court is the only federal court that has jurisdiction to review state court judgments . . . unless otherwise provided by Congress." Kropelincki v. Siegel, 290 F.3d 118, 128 (2d Cir. 2002) (internal citation omitted). "This comity principle seeks to prevent 'state and federal courts . . . [from] fighting each other for control of a particular case.'" Kropelincki, 290 F.3d at 128 (quoting Atlantic Coast Line R.R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 286 (1970)) (alteration in original).

The Second Circuit has established four requirements for applying the Rooker-Feldman doctrine: (1) the federal court plaintiff must have lost in state court; (2) the plaintiff must complain of injuries caused by the state court judgment; (3) the plaintiff must invite the district court to review and reject that judgment; and (4) the state court must have rendered judgment

---

[6] Rooker v. Fid. Trust Co., 263 U.S. 413 (1923), aff'd, Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

before federal district court proceedings commenced. See Hoblock v. Albany County Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2005). "Courts in this Circuit have consistently held that any attack on a judgment of foreclosure is clearly barred by the Rooker-Feldman doctrine."[7] Feinstein v. Chase Manhattan Bank, No. 06 CV 1512, 2006 WL 898076, at *2 (E.D.N.Y. Apr. 4, 2006) (collecting cases); see generally McKay v. Sacks, No. 05CV2307, 2005 WL 1206810, at *2-3 (E.D.N.Y. May 20, 2005) (dismissing pro se plaintiff's action seeking to prevent foreclosure sale pursuant to the Rooker-Feldman doctrine).

Based on the foregoing, the Rooker-Feldman doctrine clearly applies to the within action: Done lost in the state court, is complaining of an injury - losing his home - which is directly related to the state court judgment, is seeking relief from that judgment by bringing this federal suit, and brought the instant action more than one year after the Suffolk County Supreme Court rendered a judgment of foreclosure. (Gerbino Aff'm, Ex. A at 4.) Such an action is squarely foreclosed by the Rooker-Feldman doctrine. See Feinstein, 2006 WL 898076 at *2; McKay, 2005 WL 1206810 at *2-3.

Based on the foregoing, the court lacks subject matter jurisdiction over the instant action and should grant Wells Fargo's motion to dismiss.

---

[7] Such actions are also dismissed even when based on fraud, as Done appears to loosely allege herein. See, e.g., Parra v. Greenpoint Mortgage Co., No. 01 Civ. 2010, 2002 WL 32442231, at *2 (E.D.N.Y. Mar. 26, 2002) ("The fact that [a] plaintiff alleges that a state court judgment was procured by fraud does not remove [his] claims from the ambit of Rooker-Feldman."); Dockery v. Cullen & Dyckman, 90 F. Supp. 2d 233, 236 (E.D.N.Y. 2000) (holding that the federal court lacks jurisdiction over plaintiff's claim that foreclosure was obtained by fraud); Drew v. Chase Manhattan Bank, N.A., No. 95 Civ. 3133, 1998 WL 430549, at *6 (S.D.N.Y. July 30 ,1998) (same).

III.     Res Judicata

Alternatively, this Court should grant Wells Fargo's motion to dismiss as Done's action is barred under the doctrine of res judicata.

Res judicata is the doctrine that a final judgment on the merits precludes the relitigation of issues that were or could have been raised in a given action. See Farbstein v. Hicksville Pub. Library, 323 F. Supp. 2d 414, 422 (E.D.N.Y. 2004) (citing Kremer v. Chem. Constr. Corp., 456 U.S. 461, 466 n.6 (1982)). In applying res judicata, a state court judgment rendered by a court of competent jurisdiction is binding not only in state court, but also in federal court. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("It is now settled a federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."). All litigants, including pro se plaintiffs, are bound by the principles of res judicata. See Eubanks v. Liberty Mortgage Banking Ltd., 976 F. Supp. 171, 172-74 (E.D.N.Y. 1997) (finding that res judicata barred pro se plaintiff's claims); see also Lake George Park Comm'n v. Salvador, 664 N.Y.S.2d 847, 850 (3d Dep't 1997) ("A pro se litigant acquires no greater rights than any other litigant.").

A.     Claim Preclusion

Claim preclusion "prevents parties from relitigating issues in subsequent litigation that were or could have been litigated in a prior action." Kesten v. Eastern Sav. Bank, No. 07-CV-2071, 2009 WL 303327, at *3 (E.D.N.Y. Feb. 9, 2009) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)). In order for claim preclusion to apply, "a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff[ ] or those in privity with [him]; [and] (3) the claims asserted in the subsequent action were, or could

have been, raised in the prior action." Monahan v. N.Y. City Dep't of Corr., 214 F.3d 275, 285 (2d Cir. 2000) (citing Allen, 449 U.S. at 94) (additional citations omitted). A judgment of foreclosure and sale obtained by default constitutes a decision on the merits. See Council v. Better Homes Depot, Inc., 04 CV 5620, 2006 WL 2376381, at*4 (E.D.N.Y. Aug 16, 2006) ("A judgment by default may be the basis for claim preclusion to the same extent as any other valid, final judgment.") (citing cases). Under New York's "transactional" approach to claim preclusion, a claim should have been brought if it arises "out of the same factual grouping as an earlier litigated claim even if the later claim is based on different legal theories or seeks dissimilar or additional relief." Kesten, 2009 WL 303327 at *3 (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

The within action meets the requisite criteria for claim preclusion. First, the judgment of foreclosure entered against Done is an adjudication on the merits, which prevents reconsideration of any claim that is based on the same facts as the foreclosure judgment and which would disturb Wells Fargo's ability to enforce rights provided pursuant to the mortgage and the note securing Done's property. See Eubanks, 976 F. Supp. at 173-74. Second, the facts pled by Done in his Amended Complaint - that Wells Fargo brought the foreclosure suit in the Suffolk County Supreme Court and was not the holder of the mortgage note at the time of assignment, (Am. Compl. at 23) - would have been central to deciding any entitlement to a judgment of foreclosure, and thus demonstrate that his claims in the current suit arise from the same transaction as Wells Fargo's claim in the previous foreclosure action. Finally, the present action satisfies the privity requirement for claim preclusion since Done was a named party to the foreclosure proceeding and is the party who commenced the current action.

Accordingly, the within action is barred by the doctrine of claim preclusion and should be dismissed.

B.  Collateral Estoppel

Collateral estoppel, or issue preclusion, refers to the preclusive effect of a judgment that prevents a party from relitigating an issue of fact or law that has already been decided. See Yeiser v. GMAC Mortgage Corp., 535 F. Supp. 2d 413, 421 (S.D.N.Y. 2008) (citing Deutsch v. Integrated Barter Int'l, Inc., 700 F. Supp. 194, 196 (S.D.N.Y. 1988)) (additional citation omitted). For the doctrine to apply under New York law, a court must find that the issue was "necessarily decided" in the prior suit and that the plaintiff had a "full and fair opportunity" to litigate the issue. Id. at 424 (citing Buechel v. Bain, 97 N.Y.2d 295, 304-05 (2001)); see also Schuh v. Druckman & Sinel, LLP, 602 F. Supp. 2d 454, 468 (S.D.N.Y. 2009) (citing cases). Whether an issue was "necessarily decided" turns on whether the court made a determination as to the "rights, questions or facts that underlie a judicial decision, not the legal theories underlying the complaint." Yeiser, 535 F. Supp. 2d at 424–25 (citing Coveal v. Consumer Home Mortgage, Inc., No. 04-CV-4755, 2005 WL 2708388, at *5 (E.D.N.Y. Oct. 21, 2005)). Whether a party has had a "full and fair opportunity to be heard," however, requires consideration of "the size of the claim, the forum of the prior litigation, the use of initiative, the extent of the litigation, the competence and experience of counsel, the availability of new evidence, indications of a compromise verdict, differences in the applicable law and foreseeability of future litigation." Yeiser, 535 F. Supp. 2d 413 at 425 (dismissing pro se plaintiffs' complaint on grounds of collateral estoppel where plaintiffs had full and fair opportunity to be heard in previous action despite their failure to interpose counterclaims, join

parties and notice evidence of mortgagee's alleged fraud) (citing Schwartz v. Public Adm'r., 298 N.Y.2d 955, 961 (1969)).

Here, the requirements of collateral estoppel have been met. The issue upon which the state foreclosure action was "necessarily decided" was whether Done defaulted on his mortgage obligations. Additionally, Done had a full and fair opportunity to litigate this issue, but chose not to do so by failing to appear in the foreclosure action.

Based on the foregoing, the within action is barred by collateral estoppel and should be dismissed.

IV. Done's Claims for Relief

Notwithstanding the forgoing procedural defects of this action, consideration of Done's substantive claims also warrants dismissal of the action.

A. Jurisdiction and Venue

Done's first claim is that Wells Fargo improperly brought the previous foreclosure action in the Suffolk County Supreme Court. In New York, the Supreme Court has subject matter jurisdiction over foreclosure actions. See N.Y. Const. art VI, § 7(a) (stating that the Supreme Court has general original jurisdiction over actions in law and equity); Valley Sav. Bank v. Rose, 646 N.Y.S.2d 349, 350-51 (2d Dep't 1996) ("[A]n action to foreclose upon a mortgage is an action in equity."). Courts presiding over foreclosure actions also have in rem jurisdiction over the subject property. FDIC v. Four Star Holding Co., 178 F.3d 97, 102 (2d Cir. 1999) (explaining that courts in foreclosure actions have exclusive jurisdiction over property in

their custody). Finally, venue for a foreclosure action is proper "in the county in which any part of the subject of the action is situated." N.Y. C.P.L.R. § 507.

Based on the foregoing, the Suffolk County Supreme Court had subject matter jurisdiction over Done's foreclosure action. Additionally, the court had in rem jurisdiction over Done's property. See Four Star Holding Co., 178 F.3d at 102. Finally, venue in Suffolk County was proper as the subject property is located in Commack, which is within the county. (Am. Compl. at 22.)

Accordingly, Done's claim that Wells Fargo improperly brought the foreclosure action in the New York Supreme Court for Suffolk County fails as a matter of law.

B. Standing

1. Proof of Title

Done also alleges that Wells Fargo did not have standing to bring the foreclosure action. Some courts have held that a plaintiff has standing to bring a foreclosure action only if it is the lawful holder of the mortgage note at the time the complaint is filed. See e.g., Fed. Nat'l Mortgage Ass'n v. Youkelsone, 755 N.Y.S.2d 730, 731 (2d Dep't 2003) (citing cases); Kluge v. Fugazy, 536 N.Y.S.2d 92, 93 (2d Dep't 1988) ("[F]oreclosure of a mortgage many not be brought by one who has no title to it . . . ."). However, other courts have found that a plaintiff can sue to foreclose a mortgage as long as the plaintiff was assigned the note prior to service of the complaint. See, e.g., Bankers Trust Co. v. Hoovis, 694 N.Y.S.2d 245, 247 (3d Dep't 1999) ("Where plaintiff is the assignee of a mortgage at the time of service of the complaint, plaintiff has standing and is entitled to commence a [foreclosure] proceeding in its own name."); RCR Serv. Inc. v. Herbil Holding Co., 645 N.Y.S.2d 76, 77 (2d Dep't 1996)

-10-

("[B]ecause the plaintiff, at the time it served the complaint on [defendant] in 1994 . . . was the assignee of the subject mortgage, the plaintiff had standing and was entitled to commence this proceeding in its own name."). In Bankers Trust Company v. Hoovis, 694 N.Y.S.2d 245 (3d Dep't 1999), the court held that the plaintiff-assignee had standing to bring a foreclosure action where defendant failed to provide proof that the assignment occurred after the plaintiff brought suit. See id. at 247 ("Defendant has not submitted any proof to contradict plaintiff's documentation in support of its proposition that the assignment, including the delivery of the note and the mortgage, occurred prior to initiation of the action."). If, however, the plaintiff serves the complaint before the effective date of the assignment, the plaintiff bears the burden of demonstrating that it received physical delivery of the mortgage note prior to commencing the action. See Lasalle Bank, N.A. v. Ahearn, 875 N.Y.S.2d 595, 597 (3d Dep't 2009) (affirming dismissal of complaint where assignment of mortgage occurred after commencement of foreclosure action).

The Amended Complaint in the within action alleges that Wells Fargo "failed to prove the second element of standing [to bring the foreclosure action] by offering to proffer the original promissory note showing that Wells Fargo Bank, N.A., Inc. is in de facto and de jure possession of the original promissory note." (Am. Compl. at 2.) Liberally construed, Done appears to be alleging that Wells Fargo was not the original holder of his mortgage, but rather, obtained it through an assignment. However, the Amended Complaint is devoid of any facts indicating how or when such assignment took place. Similarly lacking is any information with respect to the date on which Done was served with the complaint in the foreclosure action. Nor does his opposition to the within motion provide such information. Done's conclusory allegation,

standing alone, is insufficient to state a claim for relief. See Iqbal, 129 S. Ct. at 1950 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").

Wells Fargo has provided the Court with the assignment of Done's mortgage from Option One Mortgage Corporation to Wells Fargo, which demonstrates that it occurred on January 23, 2006. (Gerbino Aff'm, Ex. A.) As stated supra, because Done refers to the assignment in his Amended Complaint, the Court may properly consider it even though it was not included as an exhibit therein. See Leonard F., 199 F.3d at 107. Wells Fargo commenced the foreclosure action on January 19, 2006 - approximately four days before it was assigned Done's mortgage. (Id.) Although counsel for Wells Fargo states in his affirmation in support of the within motion that Done was not served with the complaint in the foreclosure action until after the assignment occurred - giving Wells Fargo standing to commence the foreclosure action under New York law - there is no evidence offered by either party to substantiate this assertion. However, the factual dispute here with respect to whether Wells Fargo had standing to commence the foreclosure action against Done is of little consequence given the Court's lack of subject matter jurisdiction over this action, pursuant to the Rooker-Feldman doctrine, as discussed supra.[8]

---

[8] Done's Amended Complaint also alleges that Wells Fargo failed to prove "the third element of standing" to bring the foreclosure action by failing to "proffer[] authenticated business records." (Am. Compl. at 2.) Contrary to Done's assertion, nowhere in the relevant statutory or case law is there any requirement that the mortgagee provide "authenticated business records" in order to demonstrate standing to bring a foreclosure action. All that is required is that the plaintiff demonstrate that it has legal title to the mortgage note. See Kluge, 536 N.Y.S.2d at 93. Accordingly, this claim fails as a matter of law.

2. <u>Waiver of Defense</u>

Moreover, even if Wells Fargo did lack standing to bring the foreclosure action, as Done alleges, Done likely waived the ability to assert such a claim by failing to appear in the foreclosure action. A defendant that fails to assert in its answer or pre-answer motion that the plaintiff lacks standing to bring a foreclosure action waives such a defense. <u>See</u> N.Y. C.P.L.R. § 3211(e); <u>Wells Fargo Bank Minn., N.A. v. Mastropaolo</u>, 837 N.Y.S.2d 247, 248–51 (2d Dep't 2007) (finding that lack of standing is more similar to lack of "capacity to sue" which constitutes a waivable defense under § 3211(e), than subject matter jurisdiction, which does not constitute a waivable offense). "Where standing is put into issue by a defendant's answer, a plaintiff must prove its standing if it is to be entitled to relief." <u>Mastropaolo</u>, 837 N.Y.S.2d at 250 (<u>citing</u> <u>TPZ Corp. v. Dabbs</u>, 808 N.Y.S.2d 746, 749 (2d Dep't 2006)) (additional citation omitted). However, "where a defendant does not challenge a plaintiff's standing, the plaintiff may be relieved of its obligation to prove that it is the proper party to seek the requested relief." <u>Mastropaolo</u>, 837 N.Y.S.2d at 250. In <u>Wells Fargo Bank Minnesota, N.A. v. Mastropaolo</u>, 837 N.Y.S.2d 247 (2d Dep't 2007), the defendant asserted for the first time in his opposition to plaintiff's motion for summary judgment that the plaintiff lacked standing to bring a foreclosure action. <u>See</u> <u>id.</u> at 248. The court found for the plaintiff, Wells Fargo, who made a prima facie showing of its entitlement to judgment by supporting its motion with a copy of "the relevant mortgage, the underlying note, and evidence of a default." <u>Id.</u> at 251.

As stated <u>supra</u>, Done failed to appear in the foreclosure action brought against him. Accordingly, he did not submit an answer or pre-answer motion raising the defense of lack of standing and therefore, based on the case law above, his contention here is untimely. Having

failed to preserve this defense in the foreclosure action, Done should not be permitted to assert it as a claim herein.

Based on the foregoing, the Amended Complaint fails to state a claim upon which relief may be granted and should accordingly be dismissed.

V.      Right of Redemption

The Amended Complaint further requests that the Court restore title to the foreclosed property to Done. (Am. Compl. at 23.) As stated supra, a foreclosure sale with respect to Done's residence took place on April 14, 2008.

Under Section 1341 of New York's Real Property Actions and Proceedings Law, a defendant can obtain relief from a foreclosure judgment by making a motion to stay the sale of the property and paying into the court "the amount due for principal and interests and the costs of the action, together with the expenses of the proceedings to sell . . . ." N.Y. Real Prop. Acts. § 1341; see also NYCTL 1996-1 Trust v. LFJ Realty Corp., 763 N.Y.S.2d 836, 837 (2d Dep't 2003) ("It is well settled that the owner of the equity of redemption has a right to redeem at any time before an actual sale under a judgment of foreclosure."). However, a mortgagor in default cannot redeem a property pursuant to Section 1341 after a foreclosure sale. See GMAC Mortgage Corp. v. Tuck, 750 N.Y.S.2d 93, 95 (2d Dep't 2002) ("Redemption is not permitted after a foreclosure sale, whether or not a deed has actually been delivered to the sale purchaser.").

Done has not made any motion to stay the foreclosure proceedings, nor has he deposited with the court the amount of the money owed on his mortgage, as required by Section 1341.

Moreover, even if Done were to make the required motion and payment, such actions would be irrelevant because there is nothing to stay here. The foreclosure sale with respect to Done's property occurred in April 2008 - three months before Done commenced the within action. Accordingly, Done is foreclosed from redeeming his property under New York law.

Based on the foregoing, the relief that Done requests is unavailable to him as a matter of law.

## RECOMMENDATION

For the foregoing reasons, Wells Fargo's motion to dismiss should be granted and plaintiff's action should be dismissed in its entirety.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a copy to the undersigned within ten (10) days of receipt of this report. Failure to file objections within ten (10) days will preclude further appellate review of the District Court's order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), and 72(b); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993), cert. denied, 513 U.S. 822 (1994); Frank v. Johnson, 968 F.2d 298 (2d Cir. 1992), cert. denied, 506 U.S. 1038 (1992); Small v. Sec'y of Health and Human Servs., 892 F.2d 15, 16 (2d Cir. 1989) (per curiam).

**SO ORDERED:**

Dated: Central Islip, New York
       August 7, 2009

                                                  /s/ E. Thomas Boyle
                                                  HON. E. THOMAS BOYLE
                                                  United States Magistrate Judge